IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| Anthony B. Chapman, | ) | Civil Action No. 6:19-0404-RMG |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | **ORDER AND OPINION** |
| Warden Barry Tucker, | ) | |
| Respondent. | ) | |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 24) recommending that the Court grant Respondent's motion for summary judgment (Dkt. No. 9) on Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the Court adopts the R & R as the Order of the Court and grants Respondent's motion for summary judgment.

I. **Background**

Petitioner Anthony Chapman, an incarcerated person proceeding here with representation of counsel, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Dkt. No. 21.) He was indicted for manufacturing marijuana, trafficking in crack cocaine of greater than 100 grams, and possessing cocaine with intent to distribute. In the Spartanburg County Court of General Sessions, Petitioner sought to suppress the drugs seized pursuant to a search warrant for his home and statements made to law enforcement during the search. The trial court conducted an evidentiary hearing and then denied the motions to suppress. Petitioner then pled guilty to manufacturing marijuana, second offense; trafficking between 28 and 100 grams of crack cocaine, second offense; and possession with intent to distribute cocaine, second offense. (Dkt. Nos. 8-2, 8-3, 22-1.)

## II. Legal Standard

### A. Review of R & R

The Magistrate Judge makes a recommendation to the Court that has no presumptive weight and the responsibility to make a final determination remains with the Court. *See, e.g., Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where there are specific objections to the R & R, the Court "makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* In the absence of objections, the Court reviews the R & R to "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note; *see also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation.").

### B. Motion for Summary Judgment

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In other words, summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). "In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). The movant has the initial burden of demonstrating that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, to survive summary judgment the respondent

must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* at 324. "Conclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence'" in support of the non-moving party's case. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (quoting *Phillips v. CSX Transp., Inc.*, 190 F.3d 285, 287 (4th Cir. 1999)).

C.     **Federal Habeas Relief Pursuant to 28 U.S.C. § 2254**

A state prisoner who challenges matters "adjudicated on the merits in State court" can obtain federal habeas relief only if he shows that the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). When reviewing a state court's application of federal law, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 410 (2000). The state court's application is unreasonable if it is "objectively unreasonable, not merely wrong." *White v. Woodall*, 572 U.S. 415, 419 (2014). Meaning, the state court's ruling must be "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

The state court's determination is presumed correct and the petitioner bears the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). The state court's decision "must be granted a deference and latitude that are not in operation" when the case is considered on direct review. *Harrington*, 562 U.S. at 101. This is because habeas corpus in federal court exists only to "guard against extreme malfunctions in the state criminal justice systems." *Id.* at 102 (citation and internal quotation marks omitted). Accordingly, pursuant to 28

U.S.C. § 2254(d), a federal habeas court must (1) determine what arguments or theories supported or could have supported the state court's decision; and then (2) ask whether it is possible that fairminded jurists could disagree that those arguments or theories are inconsistent with the holding of a prior decision of the United States Supreme Court. *Harrington*, 562 U.S. at 102. "If this standard is difficult to meet, that is because it was meant to be." *Id.*

Before the petitioner may pursue federal habeas relief to this standard, he must first exhaust his state court remedies. 28 U.S.C. § 2254(b)(1)(A). The petitioner "must present his claims to the state's highest court," *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997) (abrogated on other grounds by *United States v. Barnette*, 644 F.3d 192 (4th Cir. 2011)), which requires the petitioner to have "fairly present[ed] to the state court both the operative facts and the controlling legal principles associated with each claim." *Longworth v. Ozmint*, 377 F.3d 437, 448 (4th Cir. 2004) (internal quotation marks omitted). A federal habeas court should not review the merits of claims that would be found to be procedurally defaulted or barred under independent and adequate state procedural rules. *Lawrence v. Banker*, 517 F.3d 700, 714 (4th Cir. 2008). Rather, for a procedurally defaulted claim to be properly considered by the federal habeas court, the petitioner must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

### III.  Discussion

Petitioner's amended § 2254 petition (Dkt. No. 21) raises two grounds for federal habeas relief:

> **Ground One:** Denial of Due Process. Failure to Provide Meaningful Appellate Review of the PCR Court's Denial of Relief.

**Supporting Facts:** The Appellant's transcript was incomplete and missing portions of testimony on meritorious appellate issues. Because the transcript was missing substantial portions of critical testimony, Appellate counsel moved the state supreme court to grant the Applicant a new PCR hearing. Applicant's motion was filed on 04/06/2017 which was three and a half years after the PCR evidentiary hearing. The supreme court denied the motion and briefing continued. Petitioner included the lack of meaningful appellate review issue in his petition for writ of certiorari. The supreme court subsequently denied the petition.

**Ground Two:** Ineffective assistance of plea counsel.

**Supporting Facts:** Plea counsel failed to adequately investigate the Petitioner's case; failed to inform him of discovery pertaining to his arrest; failed to challenge the search warrant and arrest. That due to counsel's failures the resulting plea was not freely, knowingly, and intentionally entered.

The Petitioner would not have plead guilty had he timely been informed of the 4th Amend. Issues:

The state engaged a confidential informant to gain entry to the Petitioner's house through deceit and to conduct an illegal search after the Petitioner had been distracted and left the room allowing the CI to search portions of the Petitioner's house without his knowledge or consent conducting a search on behalf of the police in a manner that would be prohibited by the Fourth Amendment had the police conducted such a search directly.

(Dkt. No. 21 at 6, 8.)

As an initial matter, a petitioner may demonstrate ineffective assistance of counsel by showing the attorney's work was both deficient and prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). An attorney's performance is deficient if it was unreasonable under the circumstances of the case and the then-prevailing professional norms. *Kimmelman v. Morrison*, 477 U.S. 365, 384 (1986). Prejudice requires a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A "reasonable probability" means "a probability sufficient to undermine confidence in the outcome." *Kimmelman*, 477 U.S. at 384. The *Strickland* test for ineffective assistance of counsel is, therefore highly deferential to the attorney. The standard for § 2254 relief is itself

highly deferential to the state court. *Harrington v. Richter*, 562 U.S. 86, 102 (2011). As a result, when the state court adjudicated an ineffective assistance claim on its merits, the § 2254 district court's review is "doubly deferential." *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009). The district court's focus is "not whether counsel's actions were reasonable," but rather "whether there is any reasonable argument that [the petitioner's] counsel satisfied *Strickland*'s deferential standard." *Harrington*, 562 U.S. at 105.

Here, Respondent argues that Ground Two is procedurally barred. (Dkt. No. 8 at 10, No. 17 at 2-4.) As the Magistrate Judge notes, the issues presented in Ground Two were presented and ruled on by the post-conviction relief ("PCR") court, but were not raised on the appeal of that decision. In response, Petitioner contends that Ground One is alleged in an effort to excuse any procedural default of Ground Two, in that because the PCR hearing transcript was substantially incomplete, the PCR process ended without Petitioner having the opportunity to raise the issues in Ground Two. (Dkt. No. 22 at 3.)

"[A] federal court ordinarily may not consider claims that a petitioner failed to raise at the time and in the manner required under state law unless 'the prisoner demonstrates cause for the default and prejudice from the asserted error.'" *Teleguz v. Pearson*, 689 F.3d 322, 327 (4th Cir. 2012) (quoting *House v. Bell*, 547 U.S. 518, 536 (2006)). To show cause, a petitioner must "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule," *Murray v. Carrier*, 477 U.S. 478, 488 (1986), or that "the factual or legal basis for the claim was not reasonably available to the claimant at the time of the state proceeding," *Roach v. Angelone*, 176 F.3d 210, 222 (4th Cir. 1999). "Alternatively, Petitioner may prove that failure to consider the claims will result in a fundamental miscarriage of justice." *McCarver v. Lee*, 221 F.3d 583, 588 (4th Cir. 2000).

As the Magistrate Judge details, the PCR court addressed each issue raised in Ground Two. Considering those rulings and the basis for each in the record, Petitioner has failed to show that any alleged deficiencies in the PCR hearing transcript impeded him from raising the claims at issue on appeal. Moreover, as the Magistrate Judge notes, the South Carolina Supreme Court's decision to deny Petitioner's motion to reconstruct that record is a matter of state law interpretation, and "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Similarly, the record here reflects that the PCR record was sufficient to allow briefing of issues on appeal, including in light of the fact that Petitioner was present and represented by counsel at the PCR hearing and that there is a reasonable basis to conclude the issues could have been litigated there without any reconstruction of the record.

For these reasons, and having conducted a *de novo* review of the record in light of Petitioner's objection to the R & R (Dkt. No. 25), the Court finds that Respondent is entitled to summary judgment.

### IV. Certificate of Appealability

The governing law provides:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253; *see also* Rule 1(b) Governing Section 2254 Cases in the United States District Courts ("The district court may apply any or all of these rules to a habeas corpus petition not covered by [28 U.S.C. § 2254]."). A petitioner may satisfy this standard by demonstrating that "reasonable jurists would find the district court's assessment of the constitutional claims

debatable or wrong." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). "[T]o secure a certificate of appealability on claims that the district court denied pursuant to procedural grounds, [the petitioner] must demonstrate both (1) that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Rose v. Lee*, 252 F.2d 676, 684 (4th Cir. 2001) (internal quotation marks omitted). Here, the legal standard for the issuance of a certificate of appealability has not been met because a reasonable jurist would not find it debatable that Ground Two was not preserved for federal habeas review. Therefore, a Certificate of Appealability is denied.

## V. Conclusion

For the foregoing reasons, Court **ADOPTS** the R & R (Dkt. No. 19) as the Order of the Court. The Court **GRANTS** Respondent's motion for summary judgment (Dkt. No. 9) and **DENIES** a Certificate of Appealability.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

December 11, 2019
Charleston, South Carolina